IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH GROS-VENTRE,

    Plaintiff,

v.                                                                               Civ. No. 17-1089 KG/GBW

R.C. SMITH and
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Defendants.

## ORDER GRANTING MOTION TO RECONSIDER

This matter comes before the Court upon Petitioner Joseph Gros-Ventre's Motion to Reconsider (Motion), filed January 5, 2018. (Doc. 7). Petitioner asks the Court to set aside the Order and Judgment dismissing his 28 U.S.C. § 2254 habeas corpus petition. (Docs. 5, 6). The petition was dismissed pursuant to Fed. R. Civ. P. 41(b) after he failed to pay the $5.00 filing fee. (Doc. 5). In his Motion, Petitioner explains that he tried to pay the filing fee by the December 8, 2017 deadline, but prison officials transposed his case number on the check. (Doc. 7) at 2. The Court then returned the check without accepting the filing fee. *Id.* The Motion attaches a copy of Petitioner's "Inmate Request for Withdrawal," which reflects he authorized the $5.00 payment on November 14, 2017. (Doc. 7) at 5. It also attaches an account statement with a notation from prison officials stating: "The check we sent out got sent back. It's been voided and the money is back in your account." (Doc. 7) at 4.

Because the Motion was filed within 28 days of entry of the Judgment, it is treated as a motion for relief under Fed. R. Civ. P. 59(e). *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th

Cir. 2005) (holding motions filed within timeframe for reconsideration under Rule 59(e) are construed under that rule). Grounds for relief under Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Courts also have discretion to grant relief where, as here, a habeas petitioner misses a deadline "through no fault of their own." *Correll v. Thompson,* 63 F.3d 1279, 1285 n.3 (4th Cir. 1995) (reconsidering prior ruling where habeas petitioner missed deadline "through no fault of [his] own"). *See also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (noting Rule 59(e) relief is a matter of discretion).

The Motion demonstrates Petitioner's failure to timely pay the filing fee resulted from an administrative error by prison officials. He has since paid the $5.00 filing fee in full. Therefore, the Court will grant the Motion.

IT IS ORDERED:

1. Petitioner's Motion to Reconsider (Doc. 7) is granted.

2. The Order of Dismissal and Final Judgment entered December 19, 2017 (Docs. 4, 5) are vacated.

3. Petitioner's habeas action is reinstated, but it is still subject to initial review, as required by Habeas Corpus Rule 4.

_____
UNITED STATES DISTRICT JUDGE