# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOSEPH GROS-VENTRE,

    Plaintiff,

v.                                                              Civ. No. 17-1089 KG/GBW

R.C. SMITH and
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL
## AND ORDER TO SHOW CAUSE

Before the Court is Plaintiff's habeas corpus petition under 28 U.S.C. § 2254 and his Motion to Appoint Counsel. *Docs. 1, 8*. Plaintiff asks the Court to vacate his state court sentence for manslaughter, aggravated battery, and tampering with evidence based on, *inter alia*, ineffective assistance of counsel and due process violations. *See generally doc. 1*. For the reasons below, the Court will deny Plaintiff's Motion to Appoint Counsel and require Plaintiff to show cause why his habeas petition (*doc. 1*) should not be dismissed as untimely.

**I. Background**

Plaintiff pled guilty to the above-mentioned state court charges on February 25, 2013. *See doc. 1* at 1; *see also* Plea and Disposition Agreement entered in case no. D-202-

CR-2010-05820.[1]  He was sentenced to fifteen years' imprisonment, five of which were suspended.  *See doc. 1* at 1.  Judgment on his conviction and sentence was entered June 26, 2013.  *See* Judgment, Partially Suspended Sentence and Commitment entered in case no. D-202-CR-2010-05820.  In accordance with the plea agreement, Plaintiff did not file an appeal.  *See doc. 1* at 6-10.  The Judgment therefore became final no later than July 29, 2013, the first business day following the expiration of the 30-day appeal period.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (explaining that a petitioner's judgment becomes final for purposes of § 2254 when the time for seeking state appellate review expires); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment).  Plaintiff filed a motion to withdraw his plea on September 10, 2013, but he withdrew that request less than a month later.  *See* Motions to Withdraw entered September 10, 2013 and October 2, 2013 in case no. D-202-CR-2010-05820.

On November 16, 2015, Plaintiff filed a state habeas petition.  *See* RPN: Habeas Corpus Petition entered in case no. D-202-CR-2010-05820.  The State Court denied the petition on March 7, 2016, and the New Mexico Supreme Court denied his petition for writ of certiorari on September 14, 2017.  *See doc. 1* at 3; NMSC case no. S-1-SC-36524.

---

[1] The Court has taken judicial notice of the state court criminal docket.  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *Stack v. McCotter,* 79 F. App'x 383, 391 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

On November 2, 2017, Plaintiff filed the federal § 2254 petition.[2] *See doc. 1*. Two months later, he filed the Motion asking the Court to appoint counsel to assist with this case. *See doc. 8*.

**II. Appointment of Counsel**

There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Unless and until an evidentiary hearing is warranted, "[t]he decision to appoint counsel is left to the sound discretion of the district court[.]" *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). Factors guiding such discretion include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (citation omitted). The burden is on the petitioner "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal citations omitted) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

Considering the above factors, the Court is not convinced that counsel should be appointed at this time. The claims are not particularly complex, and it is questionable whether Plaintiff is eligible for federal relief. Further, beyond citing his indigence, lack

---

[2] The case was initially dismissed because Plaintiff failed to pay his $5.00 filing fee. *See docs. 5, 6*. However, the Court set aside the dismissal and reinstated the case after determining the failure resulted from an administrative error by prison officials. *See doc. 11*. The case is now ready for initial review under 28 U.S.C. § 1915 and Habeas Corpus Rule 4.

of legal knowledge, and mental health history—which, unfortunately, are factors in most *pro se* cases—Plaintiff has not demonstrated an inability to prosecute the habeas petition. The Motion to Appoint Counsel (*doc. 8*) will therefore be denied.

**II. Timeliness of the 2254 Petition**

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) while a state habeas petition is pending, § 2244(d)(2);

(2) where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted).

Here, the one-year limitation period appears to have expired in 2014, over three years before Plaintiff filed his federal § 2254 petition. Further, the filing of his state

4

habeas petition after the expiration of the limitation period did not restart the clock or otherwise immunize the untimely federal petition.  *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) (unpublished) ("A state court [habeas] filing submitted after the . . . deadline does not toll the limitations period.").  The Court will therefore require Plaintiff to show cause within thirty (30) days of entry of this Order why his habeas petition should not be dismissed as untimely.  Failure to timely comply may result in dismissal of the habeas action without further notice.  *See Hare v. Ray*, 232 F.3d 901 (10th Cir. 2000) (unpublished) (the district court may *sua sponte* dismiss an untimely Section 2254 petition where the petitioner fails to identify circumstances that would support tolling).

**IT IS THEREFORE ORDERED** that, within thirty (30) days of entry of this Order, Plaintiff must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE