IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JOSEPH GROS-VENTRE,

    Plaintiff,

v.                                                                             Civ. No. 17-1089 KG/GBW

R.C. SMITH and
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Defendants.


MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Joseph Gros-Ventre's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition"). (Doc. 1). Gros-Ventre is an inmate at the Lea County Correctional Facility (LCCF) and is proceeding *pro se*. He asks the Court to vacate his state sentence for manslaughter, aggravated battery, and tampering with evidence. For the reasons set out below, the Court will dismiss the Petition as untimely.

I. Background

Gros-Ventre pled guilty to the above charges on February 25, 2013. (Doc. 1) at 1; Plea and Disposition Agreement entered in case no. D-202-CR-2010-05820.[1] He was sentenced to fifteen years imprisonment, five of which were suspended. (Doc. 1) at 1. The state court entered Judgment on his conviction and sentence on June 26, 2013. *See* Judgment, Partially Suspended

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

Sentence and Commitment entered in case no. D-202-CR-2010-05820. In accordance with the plea agreement, Gros-Ventre did not file an appeal. (Doc. 1) at 6-10. The Judgment therefore became final no later than July 29, 2013, the first business day following the expiration of the 30-day appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (explaining petitioner's judgment become final under Section 2254 when time for seeking state appellate review expires); NMRA, Rule 12-201 (requiring notice of appeal to be filed within 30 days after entry of judgment). Gros-Ventre filed a motion to withdraw his plea on September 10, 2013, but he withdrew the request less than a month later. *See* Motions to Withdraw entered September 10, 2013 and October 2, 2013 in case no. D-202-CR-2010-05820. There was no relevant case activity in Gros-Ventre's criminal case for the next two years; *see generally* case no. D-202-CR-2010-05820.

On November 16, 2015, Gros-Ventre filed a state habeas petition. *See* RPN: Habeas Corpus Petition entered in case no. D-202-CR-2010-05820. The State Court denied the petition on March 7, 2016, and the New Mexico Supreme Court (NMSC) denied his petition for writ of certiorari on September 14, 2017. (Doc. 1) at 3; NMSC Case no. S-1-SC-36524. On November 2, 2017, Gros-Ventre filed the federal Section 2254 petition. (Doc. 1). The petition raises claims based on, inter alia, ineffective assistance of counsel and due process violations. *Id.* The Court initially dismissed the case because Gros-Ventre failed to pay his $5.00 filing fee. (Docs. 5, 6). However, the Court set aside the dismissal and reinstated the case after determining the failure resulted from an administrative error by prison officials. (Doc. 11).

II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for habeas corpus petitions. 28 U.S.C. § 2244(d). The limitation period

generally begins to run from the date on which a prisoner's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year period can be extended:

(1) While a properly filed state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because AEDPA's one-year limitation period is not jurisdictional, the period may be extended through equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010).

By a Memorandum Opinion and Order entered April 30, 2018, the Court directed Gros-Ventre to show cause why his Section 2254 petition should not be dismissed as untimely. (Doc. 12). The petition reflects the one-year limitation period expired in July, 2014, over three years before Gros-Ventre filed his federal habeas petition on November 2, 2017. (Doc. 12) at 4-5. In response, Gros-Ventre argues the limitation period was tolled pursuant to Sections 2244(d)(2) and 2244(d)(1)(B). (Doc. 13) at 2-3. He also argues equitable tolling applies based on his lack of legal resources and his experience with frequent LCCF lockdowns. *Id.*

A. *Statutory Tolling Under Section 2244(d)*

Section 2244(d)(2) pertains to state habeas proceedings. It provides: "The time during which a properly filed application for State post-conviction … review … is pending shall not be counted toward" the one-year limitation period. Section 2244(d)(2) only applies, however, where petitioner files a state habeas petition *before* the expiration of the one-year period. *See Fisher v.*

3

*Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001). "A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations." *Id; see also Sigala v. Bravo*, 656 F.3d 1125, 1127 (10th Cir. 2011) (Because petitioner filed his state habeas petition "more than two years after the limitation period ended, it cannot serve as the basis for tolling under § 2244(d)(2)."); *Gunderson v. Abbott*, 172 Fed. App'x. 806, 809 (10th Cir. 2006) (unpublished) ("A state court [habeas] filing submitted after the ... deadline does not toll the limitations period."). Gros-Ventre filed his state habeas petition on November 16, 2015, over 15 months after the one-year limitation period expired on July 29, 2014. Hence, the state petition did not toll the period under Section 2244(d)(2).

Gros-Ventre's next statutory tolling argument is based on 28 U.S.C. § 2244(d)(1)(B). That section permits tolling where the state prevents an inmate from filing a federal petition. *See* 28 U.S.C. § 2244(d)(1)(B) (stating limitation period commences when unconstitutional "impediment to filing an application created by State action ... is removed, if the applicant was prevented from filing by such State action"); *see also Corson v. Colorado,* 2018 WL 718605, at *2 (10th Cir. 2018) (internal quotations omitted) (noting Section 2244(d)(1)(B) "relates to an impediment that prevents the filing of a federal court action"). To take advantage of Section 2244(d)(1)(B), a petitioner must "allege specific facts that demonstrate how [the state action] ... impeded his ability to file a federal habeas petition." *Weibley v. Kaiser*, 2002 WL 31478974, *3 (10th Cir. 2002). *See also United States v. Thody,* 2012 WL 375528, *4 (10th Cir. 2012) (same, based on federal habeas statute).

Gros-Ventre alleges LCCF warden R.C. Smith "deprived inmates from properly filing and accessing the courts, especially between December 2015 and March 2018." (Doc. 13) at 2. Specifically, LCCF allegedly suffered from "systemic problems," and the prison was "frequently" in lockdown status. *Id.* Gros-Ventre further alleges LCCF imposed "restrictions that prevented

4

… access to legal assistance and research," and "no help was available to file documents." *Id.* These facts do not establish Gros-Ventre's late filing is traceable to an unconstitutional state impediment. Even if LCCF imposed frequent lockdowns between 2015 and 2018, Gros-Ventre does not allege he was unlawfully restricted during the one-year limitation period (July 2013 through July 2014). The show-cause response also contains no specific averments demonstrating how "the alleged shortcomings in the library or legal assistance … hindered his ability to file a timely habeas petition." *Garcia v. Hatch,* 2009 WL 2668905, * 2 (10th Cir. 2009) (citations omitted) (addressing tolling under Section 2244(d)(1)(B)). Therefore, statutory tolling is not available under Section 2244(d)(1)(B).

    B. *Equitable Tolling*

Gros-Ventre also appears to seek equitable tolling based on the above allegations. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances…." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). The inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

The Tenth Circuit has held that the lack of legal assistance is "not an extraordinary circumstance …, particularly because there is no federal constitutional right to counsel in collateral proceedings." *Weibley v. Kaiser*, 2002 WL 31478974, *3 (10th Cir. 2002); *see also Marsh,* 223 F.3d at 1220 (lack of timely assistance from prison legal access attorney insufficient to support equitable tolling). A bald claim "of insufficient access to relevant law … is [similarly] not enough

5

to support equitable tolling." *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000); *see also Miller,* 141 F.3d at 978 ("It is not enough to say that the … facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); *Parker v. Jones*, 2008 WL 63304 (10th Cir. 2008) (holding mere allegations regarding lack of access to library cannot support equitable tolling). And finally, Gros-Ventre's "vague reference to 'the prison [being] on ... lockdown'" will not immunize the untimely federal petition. *Sandoval v. Jones,* 2011 WL 2321451, * 3 (10th Cir. 2011). The show-cause response provides no "detail as to the date[s] of the alleged lockdown or its length, … [or] how this might excuse the … delay in his habeas filing." *Id.; see also Morgan v. Addison,* 574 Fed. App'x. 852 (10th Cir. 2014) (noting petitioner's allegations regarding lockdown "fall[] short of explaining why it took nearly three years to lodge his petition"). Consequently, equitable tolling is not warranted in this case, and the petition must be dismissed as untimely.

*C. Allegations Regarding Conditions of Confinement*

Gros-Ventre's show-cause response also appears to challenge his conditions of confinement at LCCF. According to Gros-Ventre, prison officials denied him medication and treatment for his mental illness. (Doc. 13) at 4. He further alleges LCCF officials inflicted cruel and unusual punishments. *Id.*

It is well-established that an inmate cannot challenge prison conditions in a Section 2254 habeas action. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). As the Tenth Circuit explained, "a habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *Id.* "In contrast, a [42 U.S.C. § 1983] civil rights action attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." *Id.* Thus, to the extent

Gros-Ventre seeks relief based on the conditions at LCCF, such relief will be denied without prejudice. Gros-Ventre may file a separate action pursuant to 42 U.S.C. § 1983, if he wishes to pursue civil rights claims.

III. Conclusion

Having carefully reviewed the Section 2254 Petition and Gros-Ventre's show-cause response, the Court will dismiss this habeas proceeding as untimely. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11(a), as Gros-Ventre failed to make a substantial showing that he has been denied a constitutional right.

**IT IS ORDERED**:

1. Joseph Gros-Ventre's Petition Under 28 U.S.C. § 2254 (Doc. 1) is dismissed with prejudice; a certificate of appealability is denied; and judgment will be entered.

2. To the extent the Response (Doc. 13) raises civil rights claims based on Gros-Ventre's conditions of confinement, those claims are dismissed without prejudice to filing a separate civil rights action.

3. The Clerk's Office shall mail to Gros-Ventre a copy of the form Section 1983 Complaint and the form Application to Proceed *In Forma Pauperis.*

_____
UNITED STATES DISTRICT JUDGE